IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LBA PRODUCTS, LLC, *et al.*, | ) | CASE NO.: 1:08 CV 493 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| WEBIMAGE 2000, INC., *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on a Motion for a Temporary Restraining Order and Preliminary Injunction filed by Plaintiffs Alex Belfer and Action Software, Inc. (ECF # 18). Also pending before the Court is a Motion for Sanctions filed by Defendants WebImage 2000, Inc. ("WebImage"), Oleg Minko, Nellie Izmaylova, Klavdia Minko, E-Mart, LLC, and Michael Fooks (ECF # 21), and Plaintiffs' Motion for Sanctions against Defendants (ECF # 22).

**I.**

The Second Amended Complaint (the "Complaint") provides a very lengthy and detailed history of the parties and facts relevant to this lawsuit. Having recognized that, however, the Court finds that such a detailed recitation is not warranted in this Opinion and Order for purposes of resolving the instant Motions. As such, the Court examines the information relevant to the pending Motions briefly as set forth below.

According to the Complaint, Plaintiff Alex Belfer owns 50% of WebImage, and the other 50% in that corporation is owned by Defendant Oleg Minko. (ECF # 13 at ¶¶ 16, 18.) The Complaint provides that WebImage was formed "to facilitate the partnership/business venture" between Mr. Belfer and Mr. Minko, and that the company was responsible for "designing improvements for and maintaining the websites of Plaintiff Action Software." (*Id.* at ¶ 26.)

Action Software's websites consist of Action-DVD.com, Adultdvdarea.com, and Adultvideob2b.com, which, according to Plaintiffs, provide consumers access to "one of the largest on-line adult shopping databases."  (*Id.* at ¶ 25.)

Plaintiffs state that Mr. Minko and Defendant Nellie Izmaylova were independent contractors of Action Software, who agreed to create the websites and develop the tools necessary for their operation.  (ECF # 18 at 5.)  Despite Plaintiffs' allegations that they funded and operated the websites for approximately eight years, Mr. Minko, Ms. Izmaylova and WebImage remained registered with Network Solutions, Inc., the domain registrar, as network administrators of Action Software.  (*Id.*)  Plaintiffs claim that, on Thursday, June 26, 2008, Defendants, including Mr. Minko and Ms. Izmaylova, made the decision to "hold Alex Belfer and Action Softare hostage."  (*Id.*)

Plaintiffs claim that this "hostage" situation took place when Defendants directed traffic away from the websites and password protected them, making it impossible for Mr. Belfer and Action Software to operate them.  (*Id.*)  Plaintiffs state that they "made numerous requests of defendants to voluntarily return the password protected codes and allow the Plaintiffs to operate."  (*Id.*)  Plaintiffs claim that, despite these requests, Mr. Minko and Ms. Izmaylova refused to turn over the required codes and to allow the websites to be operational.  (*Id.*)

On July 1, 2008, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction.  (*Id.*)  In the Motion, Plaintiffs request, *inter alia*, that the Court enjoin Defendants from engaging in the following activities:

> 1. Destroying, tampering with, materially redesigning or otherwise impairing the functioning of the Action-DVD.com website, the Adultvideob2b.com website, and the Adultdvdarea.com website (collectively, "Websites"); and

-2-

>    2. Performing any programming activities relative to the Websites or accessing the Websites without the express written authorization of Alex Belfer and Action Software, Inc.; and
>
>    3. Destroying, sabotaging, or otherwise restricting or impairing the functioning of the Websites; and
>
>    4. Redirecting web traffic away from the Websites or otherwise tampering with the ability of Alex Belfer and/or Action Software, Inc. to access Plaintiffs' Websites; and
>
>    5. Withholding the pass codes and any and all other information necessary for the day-to-day functioning and updating of the Websites and Defendants are ordered to immediately produce the same to the Plaintiffs; and
>
>    6. Transferring any and all information from the Websites to persons competing with Alex Belfer and Action Software.

(*Id.* at 1.)  On July 8, 2008, Defendants filed an Opposition to the Motion, along with a Motion for Sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11.  (ECF # 21.)  On July 16, 2008, Plaintiffs filed a Reply in Support of their Motion and an Opposition to Defendants' Motion for Sanctions.  (ECF # 22.)  Plaintiffs likewise filed a Motion for Sanctions against Defendants.  (*Id.*)

**II.**

Where, as here, there is notice to the other side and an opportunity to be heard, the standard governing issuance of a preliminary injunction is the same as that for a temporary restraining order.  *See Rios v. Blackwell*, 345 F. Supp. 2d 833, 835 (N.D. Ohio 2004).  Specifically, the relevant case law requires the Court to consider four factors.  *See Northeast Ohio Coalition for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).  Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable injury in the absence of injunctive relief; (3) whether the issuance of injunctive relief would cause substantial harm to

others; and (4) whether the public interest would be served by issuance of injunctive relief.  *See id.*  If fewer factors are dispositive of the issue, the Court is not required to make specific findings concerning each of the four factors.  *See Rios*, 345 F. Supp. 2d at 835 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

As the parties seeking the injunctive relief, Plaintiffs have the burden of persuasion on each of these factors.  *See American Standard, Inc. v. Meehan*, 517 F. Supp. 2d 976 (N.D. Ohio 2007) (citing *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978)).  A preliminary injunction is an extraordinary remedy, which should only be granted if Plaintiffs carry their burden of persuasion.  *See id.*

### III.

In their Memorandum in Support of the Motion for a Temporary Restraining Order and Preliminary Injunction, Plaintiffs fail to even present argument, let alone evidence, as to the likelihood of success on the merits.  (ECF # 18.)  Indeed, Plaintiffs fail to even delineate which of their seventeen claims set forth in the Complaint relate to their Motion for injunctive relief.  Instead, Plaintiffs merely make the general assertion that the likelihood of success on the merits is "substantial."  (*Id.* at 4, 6.)

Further, on July 11, 2008, this Court conducted a hearing on Plaintiffs' Motion.  At the hearing, counsel for both parties were permitted to present oral argument and evidence relevant to the Motion.  Thus, Plaintiffs were afforded ample opportunity to present evidence in support of their Motion.  Although Mr. Belfer provided testimony during the hearing and likewise in an affidavit, such testimony having been carefully considered by this Court, Plaintiffs have failed to produce sufficient evidence from which this Court can conclude that they are likely to have

success on the merits.

In their post-hearing brief, Plaintiffs more specifically argue likelihood of success on the merits based upon two claims in the Complaint, namely breach of fiduciary duty and tortious interference with business relationship.  (ECF # 22 at 6-9.)  At the same time, however, Plaintiffs acknowledge that the conduct complained of did not even arise until after the filing of the Complaint.  (*Id.* at 7.)  Thus, despite now identifying the claims in the Complaint that purportedly relate to the Motion, Plaintiffs still have failed to present credible evidence that they have a strong likelihood of success on the merits.  Because Plaintiffs have failed to present sufficient evidence suggesting a strong likelihood of success on the merits, Plaintiffs have not carried their burden of persuasion.

Although the Court need not make specific findings as to the remaining factors, it would be remiss in failing to mention that Plaintiffs have likewise failed to demonstrate that they will suffer irreparable injury in the absence of injunctive relief.  While loss of customers and goodwill may be sufficient to constitute irreparable injury, Plaintiffs have not offered any evidence to demonstrate that such loss of goodwill and customers is likely in this instance if this Court does not immediately enjoin Defendants from the conduct at issue.  That is, Plaintiffs failed to demonstrate that the alleged injury could not be compensated by monetary damages, and the record indeed reflects that Plaintiffs continue to operate their business through a different website –  one apparently unaffected by the instant dispute.  Hence, despite being provided with adequate opportunity to do so, Plaintiffs have failed to present any evidence that they will suffer irreparable injury in the absence of injunctive relief.

Based upon the foregoing, Plaintiffs are not entitled to the extraordinary remedy

requested, and their Motion is DENIED. (ECF # 18) Further, the Court has reviewed the Motions for Sanctions, and finds that the narrow standard for the imposition of sanctions does not warrant the imposition of sanctions in this case. Thus, the Motions for Sanctions are DENIED. (ECF # 21, # 22.)

**IV.**

For the reasons set forth above, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction is DENIED. (ECF # 18). Further, Defendants' Motion for Sanctions is DENIED (ECF # 21), and Plaintiffs' Motion for Sanctions is DENIED (ECF # 22).

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATE July 25, 2008